IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARVIN C. FOSTER, AF-2281,

    Petitioner,

v.

ELVIN VALENZUELA,[1] Warden,

    Respondent.

                                              /

No. C 14-0051 CRB (PR)

**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner, a state prisoner incarcerated at the California Men's Colony in San Luis Obispo (CMC), has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a conviction from Santa Clara County Superior Court. For the reasons that follow, the petition will be denied.

**I.     STATEMENT OF THE CASE**

On May 27, 2010, a jury convicted Petitioner of assault with a deadly weapon and inflicting corporal injury on a cohabitant. In a bifurcated proceeding, the court found true the allegations that Petitioner had three prior serious felony convictions, three prior strike convictions, and had served two prior prison terms. On October 29, 2010, the court sentenced Petitioner to 65 years to life in state prison.

---

[1] At filing, Petitioner was housed at High Desert State Prison (HDSP) and he consequently named Fred Foulk, Acting Warden of HDSP, as Respondent. But because he has since been transferred to CMC, Elvin Valenzuela, Warden of CMC, is substituted as Respondent in this action. See 28 U.S.C. § 2243 ("The writ [of habeas corpus]. . . shall be directed to the person having custody of the person detained.").

On July 20, 2012, the California Court of Appeal struck an order directing Petitioner to have no contact with the victim and remanded the matter for a restitution hearing, but otherwise affirmed the judgment of the trial court. On that same date, the court of appeal also denied a petition for writ of habeas corpus. On October 10, 2012, the Supreme Court of California summarily denied review.

On January 3, 2014, Petitioner filed the instant petition for a writ of habeas corpus under 28 U.S.C. § 2254. On June 2, 2014, the Court found the claims in the petition cognizable under § 2254 and ordered Respondent to show cause why a writ of habeas corpus should not be granted. Respondent has filed an answer to the order to show cause and Petitioner has filed a traverse.

## II. FACTUAL BACKGROUND

The California Court of Appeal summarized the facts of the case as follows:

> In November 2009, defendant and the victim in this case, Raquel Cole[,] were living together in San Jose. On November 17, 2009, defendant came home from work with a drink in his hand, and gave Ms. Cole $20.00, telling her to go to the store and buy him two beers and a half pint of bourbon. Ms. Cole went to the store and made the purchases, and returned change in the amount of $10.00 to defendant. Defendant gave the $10.00 to a person who was working on his car.
>
> Throughout the night, defendant drank alcohol and smoked crack cocaine. After a while, defendant accused Ms. Cole of stealing his drugs and $20.00 from his wallet. Defendant slapped Ms. Cole in the face and pushed her down onto the couch, where he straddled her and punched her repeatedly in the eyes. Defendant tore Ms. Cole's clothes looking for drugs, and ripped a large portion of her hair out above her ear. Defendant kicked Ms. Cole in the ribs, arm and shin, and threatened to kill her and members of her family if she went to the police.
>
> On November 18, 2009, defendant came home from work, and accused Ms. Cole of stealing his drugs and his money. Defendant picked up a box containing an electric grill, and threw it against Ms. Cole's left temple. The box weighed approximately 20-30 pounds. Defendant then picked up a 12-inch frying pan and hit Ms. Cole on the legs with it four or five times. Defendant picked up a 12-inch plastic flashlight containing batteries and hit Ms. Cole on the head three times where he had pulled out her hair previously. After the attack, her eyes were swollen shut, and she had bruises on her arms and legs. Ms. Cole did not leave her RV or tell anyone about the attack for a few days because she was embarrassed, and she was afraid defendant would kill her.
>
> On November 22, 2009, Ms. Cole called family members, who took her to the hospital where she was treated for her injuries, and she spoke to the police.

> During the trial, the prosecutor admitted evidence of prior acts of domestic violence committed by defendant. Ms. Cole stated that in the summer of 2009, defendant was angry with her because she accidently dented the door of his van. Defendant kicked Ms. Cole two times in the lower back, held her against a car and choked her with one hand. Ms. Cole also stated there were four or five other times that defendant was violent with her, but she could not recall the details.
>
> Letha Adams testified that she was defendant's girlfriend in the early 1990's for between one and one half to two years. During that time, Ms. Adams worked as a prostitute because defendant wanted her to. The two lived together at a motel in San Jose, where they were both using drugs. One day when they were using drugs together, defendant attacked Ms. Adams in the motel room, slapping her in the face and punching her three or four times. Defendant also hit Ms. Adams in the forehead with a lamp. Defendant would not let Ms. Adams leave the motel room, and kept her there for hours. Ms. Adams sought medical treatment for her injuries, including stitches to her face from defendant's attack. Ms. Adams ended the relationship with defendant after the attack in the motel room.

People v. Foster, No. H036323, 2012 WL 2948521, at *1-2 (Cal. Ct. App. 6th Dist. July 20, 2012) (dkt. #12-5).

## III. LEGAL STANDARD

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C § 2254(a). The writ may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim, "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Id. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court

3

identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id.

"[A] federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." Id. at 409.

The only definitive source of clearly established federal law under 28 U.S.C. § 2254(d) is in the holdings (as opposed to the dicta) of the Supreme Court as of the time of the state court decision. Id. at 412; Clark v. Murphy, 331 F.3d 1062, 1069 (9th Cir. 2003). While circuit law may be "persuasive authority" for purposes of determining whether a state court decision is an unreasonable application of Supreme Court precedent, only the Supreme Court's holdings are binding on the state courts and only those holdings must be "reasonably" applied. Clark, 331 F.3d at 1069.

"It is settled that a federal habeas court may overturn a state court's application of federal law only if it is so erroneous that 'there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme Court's] precedents.'" Nevada v. Jackson, 133 S. Ct. 1990, 1992 (2013) (citing Harrington v. Richter, 562 U.S. 86, 101 (2011)).

**IV.   DISCUSSION**

Petitioner brings four claims for federal habeas relief. First, Petitioner claims that his trial counsel provided ineffective assistance, in violation of his Sixth Amendment rights, by failing to fully object to the testimony of a witness offering propensity evidence under California Evidence Code section 1109. Second, Petitioner claims that the trial court erred by instructing the jury with CALCRIM No. 852. Third, Petitioner claims that the trial court deprived him of a fair trial by amending material dates alleged in the information after the

4

close of evidence. Fourth, Petitioner claims that cumulative prejudice from evidentiary and instructional errors deprived him of a fair trial. Petitioner's claims are without merit.

### 1. Ineffective Assistance of Counsel

Petitioner claims he was denied his Sixth Amendment right to effective assistance of counsel in connection with the prosecution's introduction of Letha Adams's propensity testimony under section 1190. First, Petitioner claims that trial counsel unreasonably failed to object to the admission of Ms. Adams's propensity testimony under section 1109 on constitutional grounds. Second, Petitioner claims that trial counsel unreasonably failed to object to Ms. Adams' propensity testimony under section 1109 on foundational grounds, i.e., that Ms. Adams was not his girlfriend within the meaning of section 1109.

A claim of ineffective assistance of counsel is cognizable as a claim of denial of the Sixth Amendment right to counsel which guarantees not only assistance, but effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984). A meritorious claim for ineffective assistance lies where the petitioner's counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. Id.

In order to prevail on a Sixth Amendment ineffectiveness of counsel claim, Petitioner must show (1) that counsel's performance was deficient, i.e., that it fell below an "objective standard of reasonableness" under prevailing professional norms, and (2) that Petitioner was prejudiced by counsel's deficient performance, i.e., that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 687-88, 694.

To meet Strickland's first prong, a petitioner must show that counsel's performance was deficient; that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Id. at 687. To do this, the petitioner must show that counsel's representation fell below an objective standard of reasonableness. Id. at 688. The relevant inquiry is not what defense counsel could have done, but rather whether the choices made by defense counsel were reasonable. See Babbitt v. Calderon, 151 F.3d

1170, 1173 (9th Cir. 1998). Judicial scrutiny of a counsel's performance is highly deferential, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Strickland, 466 U.S. 668 at 689 (citation omitted). The purpose of the Sixth Amendment's effective assistance guarantee is not to improve the quality of legal representation, but simply to ensure that criminal defendants receive a fair trial. Id. Therefore, a review of ineffective assistance claims must find counsel's conduct "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result," as opposed to "second-guess[ing] counsel's assistance after conviction or adverse sentence." Id. at 686.

Strickland's second prong requires the petitioner to show that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Strickland, 466 U.S. at 688. To show prejudice, the petitioner must demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different; a reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. at 694. Where the petitioner is challenging his conviction, the appropriate question is "'whether there is a reasonable probability that, absent the errors, the fact finder would have had a reasonable doubt respecting guilt.'" Luna v. Cambra, 306 F.3d 954, 961 (9th Cir. 2002) (quoting Strickland, 466 U.S. at 695).

When analyzing ineffective assistance of counsel claims under the § 2254(d), a federal habeas court employs a doubly deferential standard. Cullen v. Pinholster, 131 S. Ct. 1388, 1403 (2011); Knowles v. Mirzayance, 556 U.S. 111, 112 (2009). For a federal habeas court reviewing a state court's determination, the pivotal question is not whether defense counsel's performance fell below the Strickland standard, but whether the state court's application of the Strickland standard to that performance was reasonable. Harrington, 131 S. Ct. at 785.

Here, the California Court of Appeal examined and rejected Petitioner's ineffective assistance of counsel claims as follows:

Defendant asserts he was denied effective assistance of counsel because his attorney did not object to Ms. Adams's testimony on foundational and constitutional grounds.

"Defendant has the burden of proving ineffective assistance of counsel. (People v. Malone (1988) 47 Cal.3d 1, 33.) To prevail on a claim of ineffective assistance of counsel, a defendant "'must establish not only deficient performance, i.e., representation below an objective standard of reasonableness, but also resultant prejudice.'" (People v. Hart, supra, 20 Cal.4th at p. 623.) A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. (Strickland v. Washington (1984) 466 U.S. 668, 689.)" (People v. Maury (2003) 30 Cal.4th 342, 389.)

"If the record on appeal sheds no light on why counsel acted or failed to act in the manner challenged, an appellate claim of ineffective assistance of counsel must be rejected unless counsel was asked for an explanation and failed to provide one, or there simply could be no satisfactory explanation. (People v. Mendoza Tello (1997) 15 Cal.4th 264, 266.) Otherwise, the claim is more appropriately raised in a petition for writ of habeas corpus. (Id. at pp. 266–267.)" (People v. Carter (2003) 30 Cal.4th 1166, 1211.)

"Moreover, prejudice must be affirmatively proved; the record must demonstrate 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.' (Strickland v. Washington, supra, 466 U.S. at p. 694.)" (People v. Maury, supra, 30 Cal.4th at p. 389.)

There is nothing unreasonable about defense counsel choosing not to object to Ms. Adams's testimony on foundational or constitutional grounds. As discussed above, there was substantial evidence to support the court's conclusion that Ms. Adams qualified as a victim under the domestic violence statute. Moreover, the constitutionality of Evidence Code section 1109 is settled. We find defense counsel's conduct of not objecting to the testimony in this case was reasonable, and was not ineffective.

**Petition for Writ of Habeas Corpus**

In a separate writ petition, defendant asserts he was denied effective assistance of counsel for the failure to object to Ms. Adams's testimony as discussed above. As we stated, we do not find counsel's conduct was unreasonable or ineffective. Therefore, we will deny the petition.

Foster, No. H036323, 2012 WL 2948521, at *4-5.

The California Court of Appeal's rejection of Petitioner's claim that trial counsel was ineffective for failing to object to the admission of Ms. Adams's propensity testimony under section 1109 on constitutional grounds was not an objectively unreasonable application of Strickland. See 28 U.S.C. § 2254(d). On direct appeal, Petitioner raised the underlying claim that the admission of Ms. Adams's propensity testimony of prior incidents of domestic

7

violence under section 1109 violated his due process rights. The state appellate court rejected the claim by correctly noting that the admission of propensity evidence under section 1109 had been upheld by the state supreme court and courts of appeal as not violating a defendant's due process rights. Foster, No. H036323, 2012 WL 2948521, at *2; see People v. Falsetta, 21 Cal. 4th 903, 915 (Cal. 1999) (using propensity evidence of prior sex crimes pursuant to Evidence Code section 1108, a parallel statute to section 1109, does not violate a defendant's due process rights); People v. Brown, 77 Cal. App. 1324, 1332-34 (6th Dist. 2000) (holding that Falsetta applies equally to propensity evidence of prior incidents of domestic violence offered under section 1109). The state appellate court consequently properly rejected Petitioner's related ineffective assistance of counsel claim because if trial counsel had objected to the admission of Ms. Adams's propensity testimony under section 1109 on constitutional grounds, the trial court would have been bound by precedent and rejected it. See Auto Equity Sales, Inc. v. Superior Court, 57 Cal. 2d 450, 455 (1962) (holding that California trial court is bound by decisions of state supreme court and courts of appeal). Trial counsel's failure to raise an objection that the trial court would have been bound to reject cannot form the basis for a claim of ineffective assistance of counsel. See Juan H. v. Allen, 408 F.3d 1262, 1273 (9th Cir. 2005) ("[T]rial counsel cannot have been ineffective for failing to raise a meritless objection."). Petitioner is not entitled to federal habeas relief on his claim that trial counsel was ineffective for failing to object to the admission of Ms. Adams's propensity testimony under section 1109 on constitutional grounds; the California Court of Appeal's rejection of the claim was not an objectively unreasonable application of Strickland. See 28 U.S.C. § 2254(d).[2]

---

[2] To the extent that Petitioner also claims that federal habeas relief is warranted because the admission of Ms. Adams's testimony as propensity evidence under section 1109 violated his due process rights, the claim is without merit. See Larson v. Palmateer, 515 F.3d 1057, 1066 (9th Cir. 2008) (because Supreme Court expressly reserved question whether using evidence of prior offenses to show propensity for criminal activity can violate due process, state court's rejection of claim did not unreasonably apply clearly established federal law under § 2254(d)); Garibay v. Lewis, 323 Fed. Appx. 568, 569 (9th Cir. 2009) (similarly rejecting federal habeas relief for claim based on use of prior acts of domestic violence to show propensity to commit that type of crime).

8

The California Court of Appeal's rejection of Petitioner's claim that trial counsel was ineffective for failing to object to the admission of Ms. Adams's propensity testimony under section 1109 on foundational grounds was not an objectively unreasonable application of Strickland. See id. Petitioner argues that because Ms. Adams testified that she worked as a prostitute at Petitioner's request, Ms. Adams's testimony that she was Petitioner's girlfriend was insufficient to support a finding that Ms. Adams was a "spouse, former spouse, cohabitant, or person with whom [Petitioner] has had a child or is having or has had a dating or engagement relationship," as required by section 1109. Not so. The California Court of Appeal concluded that there was sufficient evidence that Ms. Adams fell within the definition of section 1109, based on her testimony that she had been Petitioner's girlfriend for one and a half to two years, and that they lived together in a motel when the subject incident of her testimony took place, and on Petitioner's admission that he and Ms. Adams "had a 'domestic partnership.'" Foster, No. H036323, 2012 WL 2948521, at *3. This finding is binding on this Court, see Bradshaw v. Richey, 546 U.S. 74, 76 (2005) (state court's interpretation of state law binds federal habeas court), and makes clear why the state court of appeal properly rejected Petitioner's related ineffective assistance of counsel claim – if trial counsel had objected to the admission of Ms. Adams's propensity testimony under section 1109 on foundational grounds, the trial court would have rejected it. As previously noted, trial counsel's failure to raise a meritless objection cannot form the basis for a claim of ineffective assistance of counsel. See Juan H., 408 F.3d at 1273; see also Wilson v. Henry, 185 F.3d 986, 990 (9th Cir. 1999) (in order to establish prejudice from failure to object, petitioner must show that had counsel objected, it is reasonable that trial court would have sustained objection as meritorious). Petitioner is not entitled to federal habeas relief on his claim that trial counsel was ineffective for failing to object to the admission of Ms. Adams's propensity testimony under section 1109 on foundational grounds; the California Court of Appeal's rejection of the claim was not an objectively unreasonable application of Strickland. See 28 U.S.C. § 2254(d).

    2.     Instructional Error

9

1 Petitioner claims that the trial court erred by instructing the jury with CALCRIM No.
2 852. Petitioner specifically claims that CALCRIM No. 852 is an "improper argumentative
3 instruction" under People v. Wright, 45 Cal. 3d 1126 (1998), because it "invites the jury to
4 draw inferences favorable to the prosecution (that appellant was guilty) from specified items
5 of evidence (prior misconduct testimony)." Dkt. #1-2 (Pet. Attach.) at 37 (citing People v.
6 Wright, 45 Cal. at 1135). He also claims that the instruction violated his due process right to
7 a fair trial by giving the impression of judicial bias in favor of the prosecution. Petitioner's
8 claims are without merit.

      a.    Background

The trial court gave the following instruction pursuant to CALCRIM No. 852:

> The People presented evidence that the defendant committed domestic violence that was not charged in this case: Specifically, Ms. Cole's testimony regarding incidents prior to November 2009; the prior convictions for Penal Code section 263.5 and 243(e)(1) involving [Ms.] Cannon in 2004; the convictions for Penal Code section 266(h) and 245(a)(1) involving [Ms.] Adams in 1993, and her testimony involving the acts leading to the conviction as well as her testimony regarding prior incidents.
>
> "Domestic violence" means abuse committed [] against an adult who was a former cohabitant or a person who dated or is dating the defendant.
>
> The term "cohabitants" means two unrelated persons living together for a substantial period of time resulting in some permanency of the relationship. Factors that may determine whether people are cohabiting include but are not limited to:
>
> Sexual relations between the parties who are sharing the same residence;[]
>
> Sharing of income and expenses, joint use or ownership of property;[]
>
> The parties holding themselves out as husband and wife or domestic partners;[]
>
> The parties registering as domestic partners;[]
>
> The continuity of the relationship;[]
>
> And the length of the relationship.
>
> You may consider this evidence only if the People have proved by a preponderance of the evidence that the defendant, in fact, committed the uncharged domesti[c]
>
> Proof by a preponderance of the evidence is a different burden of proof from proof beyond a reasonable doubt.

10

> A fact is proved by a preponderance of the evidence if you conclude that it is more likely than not that the fact is true. If the People have not met this burden of proof, you must disregard this evidence entirely.
>
> If you decide that the defendant committed the uncharged domestic violence, you may, but are not required to, conclude from that evidence that the defendant was disposed or inclined to commit domestic violence. And based on that decision, also conclude that the defendant was likely to commit the offenses charged in Count 1, assault with a deadly weapon; Count 2, inflicting corporal injury on a former cohabitant; and Count 3, dissuading or attempting to dissuade a witness as charged here.
>
> If you conclude that the defendant committed the uncharged domestic violence, that conclusion is only one factor to consider along with all the other evidence. It is not sufficient by itself to prove that the defendant is guilty of assault with a deadly weapon as charged in Count 1; inflicting corporal injury on a former cohabitant as charged in Count 2; and dissuading or attempting to dissuade a witness as charged in Count 3. The People must still prove the charges beyond a reasonable doubt.

Dkt. #12-2 (Rep.'s Tr.) at 118-120.

### b. Analysis

Petitioner's claim that CALCRIM No. 852 is an impermissibly "argumentative instruction" under state supreme court precedent fails to state a cognizable federal habeas claim under § 2254 because it is well established that federal habeas relief does not lie in a state court's violation of state law. See Estelle v. McGuire, 502 U.S. at 67-68 ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); Menendez v. Terhune, 422 F.3d 1012, 1029 (9th Cir. 2005) (errors in state law cannot form basis for federal habeas relief). Only Petitioner's claim that CALCRIM No. 852 violated his due process rights by giving the impression of judicial bias in favor of the prosecution states a cognizable federal habeas claim under § 2254.

In order to obtain federal habeas relief for instructional error, a petitioner must show that the instructional error "so infected the entire trial that the resulting conviction violates due process." Estelle v. McGuire, 502 U.S. 62, 72 (1991). The error may not be judged in artificial isolation, but must be considered in the context of the instructions as a whole and the trial record. Id. The petitioner also must show actual prejudice from the error, i.e., that the error had a substantial and injurious effect or influence in determining the jury's verdict,

before the court may grant federal habeas relief. Calderon v. Coleman, 525 U.S. 141, 146 (1998) (citing Brecht v. Abrahamson, 507 U.S. 619, 637 (1993)).

The California Court of Appeal rejected Petitioner's instructional error claim as follows:

> Defendant argues the court erred in instructing the jury with CALCRIM No. 852, because the instruction allows the jury to "infer propensity and guilt from specific evidence of prior acts of domestic violence."
>
> In People v. Reyes (2008) 160 Cal.App.4th 246, 252, the court rejected a similar argument as defendant makes here, and stated that CALJIC No. 2.50.02, the predecessor to CALCRIM No. 852 with nearly identical language, has repeatedly been held constitutional. The Reyes court noted that CALCRIM No. 852 goes beyond its predecessor by clarifying that the "People must still prove each element of every charge beyond a reasonable doubt." (Reyes, supra, 160 Cal.App.4th at p. 252.)
>
> We find CALCRIM No. 852 to be constitutional, and that the court did not err in giving the instruction.

Foster, No. H036323, 2012 WL 2948521, at *4.

Petitioner cites no clearly established Supreme Court precedent prohibiting an instruction explaining how a jury may regard propensity evidence. Nor can he, as the Supreme Court has expressly reserved the question whether use of prior offenses to show propensity to commit a charged crime can violate due process. See Estelle, 502 U.S. at 75 n.5; see also Mejia v. Garcia, 534 F.3d 1036, 1046 (9th Cir. 2008) (because Supreme Court reserved question whether use of propensity evidence to commit charged crime can violate due process, state court's rejection of improper admission of prior sex offenses as propensity evidence did not unreasonably apply clearly established federal law under § 2254(d)). Petitioner instead relies on Quercia v. United States, 289 U.S. 466 (1933), to support his claim that CALCRIM No. 852 violated his due process right to a fair trial by giving the impression of judicial bias in favor of the prosecution.

In Quercia, the Supreme Court reversed on direct appeal a federal criminal conviction in which the district judge improperly "put his own experience, with all the weight that could be attached to it, in the scale against the accused." 289 U.S. at 471-72. The judge in that case told the jury that, while his opinion was not binding on them, the defendant's "wiping [his] hands while testifying was 'almost always an indication of lying'" and that while he did

not know why it was so, that it was a fact that such a habit indicated a lie. Id. at 472. The Court held that the judge's concrete assertion that the defendant was lying while testifying was error and highly prejudicial. Id.

Although Petitioner raised his Quercia claim on direct appeal, the California Court of Appeal did not address the claim in its opinion affirming Petitioner's conviction. This Court nonetheless must presume that the California Court of Appeal rejected the Quercia claim when it concluded that CALCRIM No. 852 was constitutional and not given in error, and apply § 2254(d). See Johnson v. Williams, 133 S. Ct. 1088, 1096 (2013) (if state court rejects federal claim without expressly addressing it, federal habeas court must presume federal claim was adjudicated on the merits and apply § 2254(d)).

Under § 2254(d), it simply cannot be said that the state court's rejection of Petitioner's Quercia claim was objectively unreasonable. See Williams, 529 U.S. at 409. Whereas the judge in Quercia impermissibly opined on the truth of the defendant's testimony to the jury, the instruction given here in no way amounted to an opinion on the truth of anyone's testimony. Instead, the instruction made clear to the jury that it could consider the propensity evidence "only if the People have proved by a preponderance of the evidence that the defendant, in fact, committed the uncharged domestic violence." Dkt. #12-2 at 119. And it even clarified that if jurors decided that the defendant committed the uncharged domestic violence, they "may, but are not required to, conclude from that evidence that the defendant was disposed or inclined to commit domestic violence." Id. at 120. Petitioner is not entitled to federal habeas relief on his Quercia claim. See 28 U.S.C. § 2254(d).

Nor is Petitioner entitled to federal habeas relief based on his suggestion that CALCRIM No. 852 impermissibly lowered the prosecution's burden of proving his guilt beyond a reasonable doubt. Cf. Middleton v. McNeil, 541 U.S. 433, 437 (2004) (jury instruction violates due process if it fails to give effect to requirement that State must prove every element of offense beyond a reasonable doubt). The trial court explicitly instructed the jury that if it found the defendant committed the uncharged domestic violence, that finding was only one factor to consider along with all the other evidence and was not "sufficient by

itself to prove that the defendant is guilty of [the charges in counts 1 thru 3]. The People must still prove the charges beyond a reasonable doubt." Dkt. #12-2 at 120. The California Court of Appeal's rejection of Petitioner's instructional error claim on similar grounds was not objectively unreasonable. See 28 U.S.C. § 2254; Williams, 529 U.S. at 409. There is no "reasonable likelihood" that the jury applied the challenged instruction in a way that lowered the prosecution's burden of proof. See Estelle, 502 U.S. at 72; accord Luster v. Swarthout, No. CV 10-02681 CAS (SS), 2012 WL 5347838, *12 (C.D. Cal. 2012) ("There is simply no likelihood that the jury understood CALCRIM No. 852 to relieve the prosecution of its burden of proof.").

### 3. Amendment of Information

Petitioner claims that the trial court violated his due process right to a fair trial when it allowed the prosecution to amend material dates alleged in the information after the close of evidence. Petitioner argues, again using Quercia, that the testimony of the victim, Ms. Cole, did not reflect the dates in the original charges and that when the court allowed the prosecution to amend those dates the jury could only have read that ruling as a partial "effort by the court to salvage the prosecutor's case." Dkt. #1-2 (Pet. Attach.) at 48. Petitioner's claim is without merit.

#### a. Background

The original information read as follows: Count 1 – that Petitioner had assaulted Ms. Cole with a deadly weapon "[o]n or about November 21, 2009;" Count 2 – that Petitioner had inflicted corporal injury on Ms. Cole "[o]n or about and between November 17, 2009 and November 18, 2009;" and Count 3 – that Petitioner dissuaded or attempted to dissuade Ms. Cole by use of force or threat of force "[o]n or about November 17, 2009." Dkt. #11-2 (Clerk's Tr.) at 2. At trial, Ms. Cole testified that she was assaulted over more than one day, that the assaults with deadly weapons (a portable grill, frying pan and flashlight) took place on the second day, November 18, 2009, and that she had so told the investigating officer during an interview at the hospital on November 22, 2009. See Dkt. #12-1 (Rep.'s Tr.) at 59, 161-62. But the investigating officer testified that when Ms. Cole spoke to him at the

1  hospital on November 22, 2009, she told him that the assaults with the grill, pan and
2  flashlight had occurred the day before, i.e., on November 21, 2009. See id. 197. After both
3  sides rested, the trial court granted the prosecution's request to amend the dates for all three
4  counts to have occurred "on or about and between November 17th, 2009 and November
5  22nd, 2009." Dkt. #12-2 (Rep.'s Tr.) at 70.

      b.    Analysis

The Due Process Clause guarantees a criminal defendant the right to a fair and impartial judge. See In re Murchison, 349 U.S. 133, 136 (1955); Kennedy v. Los Angeles Police Dep't, 901 F.2d 702, 709 (9th Cir. 1990). A "biased decisionmaker [is] constitutionally unacceptable," Withrow v. Larkin, 421 U.S. 35, 47 (1975), and a trial judge "'must be ever mindful of the sensitive role [the court] plays in a jury trial and avoid even the appearance of advocacy or partiality,'" Stivers v. Pierce, 71 F.3d 732, 741 (9th Cir. 1995) (quoting United States v. Harris, 501 F.2d 1, 10 (9th Cir. 1974)). But a trial judge's actions overstep the bounds of propriety and deprive the defendant of a fair trial only when the record discloses actual bias or leaves the reviewing court with an abiding impression that the judge's actions projected to the jury an appearance of advocacy or partiality. See United States v. Parker, 241 F.3d 1114, 1119 (9th Cir. 2001) (trial judge's repeated interventions to question witnesses when prosecution asked leading or objectionable questions did not show actual bias or partiality); see also United States v. Odachyan, 749 F.3d 798, 802 (9th Cir. 2014) (trial judge's statement that he was "in constant wonder . . . so many people come to this country seeking a better life and then prey on this government's institutions as their own personal piggybanks and then direct the court to look at the terrible conditions from which they came as somehow an excuse or mitigating factor" at sentencing did not reflect such a high degree of antagonism as to make fair judgment impossible and therefore did not evidence constitutional error).

The California Court of Appeal rejected Petitioner's improper amendment of information claim as follows:

> Defendant asserts the trial court abused its discretion when it allowed the prosecutor to amend the information during trial to change the date from "on or about

15

1
2
    November 21, 2009," to "on or about and between November 17th, and November 22nd, 2009." Defendant asserts this change implicitly vouched for Ms. Cole's testimony by making the information conform to her testimony.

3
4
5
6
    There was no abuse of discretion in this case. It is well settled that "[Penal Code] [s]ection 1009 authorizes amendment of an information at any state of the proceedings provided the amendment does not change the offense charged in the original information to one not shown by the evidence taken at the preliminary examination." (People v. Winters (1990) 221 Cal.App.3d 997, 1005.) Here, the change in date on the information did not change the offense charged, and was not an abuse of discretion.

7 Foster, No. H036323, 2012 WL 2948521, at *5.

8     Although the California Court of Appeal did not expressly address Petitioner's
9 judicial partiality claim, it acknowledged that Petitioner had asserted that allowing the
10 amendment to the information had amounted to judicial "vouching." This Court again must
11 presume that the California Court of Appeal rejected the judicial partiality claim when it
12 concluded that allowing the amendment of the information did not change the offense
13 charged and was not an abuse of discretion. See Johnson, 133 S. Ct. at 1096 (if state court
14 rejects federal claim without expressly addressing it, federal habeas court must presume
15 federal claim was adjudicated on merits and apply § 2254(d)).

16     Under § 2254(d), it simply cannot be said that the state court's rejection of Petitioner's
17 judicial partiality claim was an objectively unreasonable application of clearly established
18 Supreme Court precedent. See Williams, 529 U.S. at 409. Petitioner's reliance on Quercia is
19 misplaced because, unlike the district judge in Quercia, the trial judge here did nothing to
20 suggest to the jury that discrepancies in Ms. Cole's testimony should be disregarded or that
21 the court had any opinion whatsoever as to Ms. Cole's credibility. Cf. Quercia, 289 U.S. at
22 471-72 (district judge told the jury that, while his opinion was not binding on them, the
23 defendant's "wiping [his] hands while testifying was 'almost always an indication of lying'"
24 and that while he did not know why it was so, that it was a fact that such a habit indicated a
25 lie). In fact, while the jury here was not required to find that the charged allegations occurred
26 on a specific date, it was expressly charged that they were solely responsible for assessing the
27 credibility of all witnesses, including Ms. Cole. See Dkt. #11-2 (Clerk's Tr.) at 43, 48.
28 Among the factors the jury was charged to consider in making that assessment was how well

16

1  Ms. Cole appeared to remember the incidents she described, and whether she had made
2  inconsistent statements in the past. Id. And the jury still had to consider whether, in light of
3  those inconsistencies, they believed her version of events – a point which defense counsel
4  repeatedly argued to the jury in his closing remarks. See, e.g., Dkt. #12-2 (Rep.'s Tr.) at
5  157-58, 165-66. The state court's rejection of Petitioner's judicial partiality claim was not an
6  objectively unreasonable application of Quercia. See Williams, 529 U.S. at 409.

    Nor was the state court's rejection of Petitioner's judicial partiality claim an objectively unreasonable application of Supreme Court precedent recognizing a criminal defendant's constitutional right to an impartial judge. It is well established that judicial rulings alone almost never constitute a valid basis for a bias or partiality claim. Liteky v. United States, 510 U.S. 540, 555 (1994). "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings . . . do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Id. Petitioner's mere assertion that the amendment of the information on its own shows bias or partiality for the prosecution's case simply is not enough "to overcome the presumption of honesty and integrity that we accord to the determinations of a judge." See Crater v. Galaza, 491 F.3d 1119, 1132 (9th Cir. 2007) (internal quotation marks omitted).

    Petitioner is not entitled to federal habeas relief on his claim that the trial court's ruling allowing the amendment of the information amounted to judicial bias or partiality. The state court's rejection of the claim was not contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent. See 28 U.S.C. § 2254(d).

    4.     Cumulative Error

    Petitioner claims that even if each of the claims discussed above do not merit reversal of his conviction individually, that taken together the evidentiary and instructional claims rendered his trial fundamentally unfair. Petitioner's claim is without merit.

    The Ninth Circuit has held that, in exceptional cases, while no single trial error is sufficiently prejudicial to warrant reversal, the cumulative effect of several trial errors may

1  prejudice a defendant so much that his conviction must be overturned.  See Alcala v.
2  Woodford, 334 F.3d 862, 893-95 (9th Cir. 2003).  This is not such an exceptional case.
3        Cumulative error violates due process principles and warrants habeas relief only
4  "where the errors have 'so infected the trial with unfairness as to make the resulting
5  conviction a denial of due process.'"  Parle v. Runnels, 505 F.3d 922, 927 (9th Cir. 2007)
6  (citing Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974)).  But cumulative error applies
7  only where no single error is sufficiently prejudicial but the effect of multiple errors
8  compound the impact.  See Alcala, 334 F.3d at 893-95.  Where, as here, "there is no single
9  constitutional error . . ., there is nothing to accumulate to a level of constitutional violation."
10 See Mancuso v. Olivarez, 292 F.3d 939, 957 (9th Cir. 2002); accord Hayes v. Ayers, 632
11 F.3d 500, 525 (9th Cir. 2011) (where no error reaches constitutional magnitude on habeas
12 review, no cumulative error is possible).  Petitioner is not entitled to federal habeas relief on
13 his cumulative error claim.

## V.  CONCLUSION

After a careful review of the record and pertinent law, the Court is satisfied that the petition for a writ of habeas corpus must be DENIED.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, a certificate of appealability (COA) under 28 U.S.C. § 2253(c) also is DENIED because Petitioner has not demonstrated that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The clerk shall enter judgment in favor of Respondent and close the file.

**IT IS SO ORDERED.**

Dated: April 8, 2015

CHARLES R. BREYER
United States District Judge